## McKAY v NANCE

Ohio Appeals, 9th Dist, Summit Co.
No. 1778. Decided June 20, 1930

R. H. Nesbitt, Akron, for McKay.

Carl M. Myers and Donald Gottwald, both of Akron, for Nance.

PER CURIAM.

The plaintiff in error alleges that the trial court committed prejudicial error in several respects, but principally in the admission of certain testimony in regard to what Dr. Griffin is alleged to have said after the operation had been performed and which tended to prove the negligence claimed.

This testimony was received over the objection and exception of both of said doctors, and related to conversations held by said defendant in error and others with Dr. Griffin in the absence of Dr. McKay.

At the time this evidence was received, Dr. Griffin was still a defendant in the case, and each and every time it was received the court specifically charged the jury that they could consider it only as relating to Dr. Griffin and in no wise as relating to Dr. McKay; and at the time the motion of Dr. Griffin was sustained, at the close of plaintiff's evidence, to direct a verdict in his favor, the court again enjoined the jury not to consider said testimony in any way against Dr. McKay; and at the conclusion of all the evidence, the same injunction was again given.

We are unanimously of the opinion that this evidence was competent as against Dr. Griffin, as it tended to prove one element of the plaintiff's case against him, to wit, that the operation had been negligently performed. In plaintiff's case against Dr. Griffin it was important to prove that the operation was negligently performed and that Dr. Griffin was responsible therefor; on the issue as to whether the operation was negligently performed, said statement by Dr. Griffin was, as to him, a declaration against interest, tending to prove one of the claims of the plaintiff, although said Dr. Griffin denied responsibility for that which he admitted was negligently done; and if the plaintiff proved, by other evidence, that Dr. Griffin participated in the alleged negligent operation, it would have established a case of liability against him. The trial court thought this element of evidence was lacking, and for that reason directed the jury to return a verdict in favor of Dr. Griffin.

The action was one founded upon tort, and it was competent for the court to receive evidence tending to prove that either or both of said defendants was guilty of the negligent acts alleged, and the trial court did everything in its power and in a proper way and at a proper time to prevent the jury from considering said evidence as against Dr. McKay and to make sure that he was not prejudiced by the admission of said evidence.

There was ample justification for bringing the joint suit, and if any prejudice resulted in directing a verdict in favor of Dr. Griffin at the time it was done, it was against the defendant in error and not against either of said doctors. We are of the opinion that it would have been perfectly proper, under the evidence, to have permitted the jury to pass upon the liability of each of said defendants.

We have carefully considered the other alleged errors pointed out in the brief and in the oral argument, and we are unanimously of the opinion that there are no prejudicial errors in the record which would justify this court in setting aside the verdict of the jury and reversing the judgment of the trial court which was rendered thereon.

Judgment affirmed.

FUNK, P.J., PARDEE, J., and WASHBURN, J., concur.